UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

DOMINICK DEMASI,

Plaintiffs,

v.

CAPITAL ONE BANK (USA) N.A.,

Defendant.

Case No.: 1:18-cv-01701

Judge James S. Gwin

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

**DOMINICK DEMASI'S FIRST AMENDED COMPLAINT**

NOW COMES Plaintiff, DOMINICK DEMASI ("Plaintiff"), pursuant to rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, through his attorneys, hereby alleges the following against CAPITAL ONE BANK (USA) N.A. ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on negligent violations of the Telephone Consumer Protection Act 47 U.S.C. § 227 et seq., (TCPA).

2. Count II of Plaintiff's Complaint is based on knowing and/or willful violations of the Telephone Consumer Protection Act 47 U.S.C. § 227 et seq., (TCPA).

**JURISDICTION AND VENUE**

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. §227(b)(3). See, *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.

4. Venue is proper in the United States District Court for the Northern District of Ohio, Eastern Division, pursuant to 28 U.S.C § 1391(b) because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

**PARTIES**

5. Plaintiff is a natural person residing in the county of Medina, in the city of Wadsworth, Ohio.

6. Defendant is a Delaware corporation that conducts business in the state of Ohio, with its principal place of business in McLean, Virginia.

7. At all times relevant to this Complaint, Defendant has acted through its agents employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

**FACTUAL ALLEGATIONS**

8. Defendant placed collection calls to Plaintiff seeking and attempting to collect on alleged debts incurred through purchases made on credit issued by Defendant.

9. Defendant caused Plaintiff's cellular telephone to ring.  Plaintiff's cellular telephone number is  (330) 241-30XX.

10. Defendant's collection calls to Plaintiff originated from telephone numbers including, but not limited to (800) 955-6600.

11. Per its prior business practices, Defendant's calls were placed with an automated telephone dialing system ("auto-dialer").

12. Defendant placed collection calls with equipment that has the capacity to store or produce phone numbers using a random or sequential number generator and has the ability to call those numbers.

13. Sophisticated debt collectors, such as Defendant, require sophisticated phone systems that are capable of storing large amounts of phone numbers and data regarding each phone number, assuring that their employee debt collection agents are being fully utilized, managing the large numbers of debt collection calls made during each day, and keeping track of each call as well as the performance and outcome of each call for future collection purposes.

14. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

15. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

16. Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

17. On June 12, 2017, Plaintiff spoke with a representative for Defendant's companies. Plaintiff spoke with Defendants' female representative ("Kayla") and requested that Defendant cease calling Plaintiff's cellular telephone.

18. During the conversation on June 12, 2017, Plaintiff gave Defendant his name, social security number and date of birth to assist Defendant in accessing his account before asking Defendant to stop calling his cellular telephone.

19. Plaintiff revoked any consent, explicit, implied, or otherwise, to call his cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system in his conversation with Defendant's representative on June 12, 2017.

20. Despite Plaintiff's request to cease, Defendant continued to call Plaintiff after June 12, 2017.

21. Defendant continued to place collection calls via auto-dialer to Plaintiff's cell phone up to up to two times a day, and up to seven days a week, through February, 2018.

22. The timing and frequency of the calls from Defendant to Plaintiff's cellular telephone, lead Plaintiff to believe the calls from Defendant were made through an automatic telephone dialing system.

23. Defendant's collection calls to Plaintiff's cellular telephone were placed at various times of the day and could not be predicted or anticipated.

24. Plaintiff did not pick up Defendant's calls to his cellular phone.

25. Despite Plaintiff's request that Defendant cease placing automated collection calls, Defendant placed at least forty-two (42) automated calls to Plaintiff's cell phone. Defendant believes that more telephone calls may be discovered through the discovery in this litigation.

### FIRST CAUSE OF ACTION
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227

26. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-25.

27. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

28. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

29. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 et. seq.

30. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-25.

31. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

32. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

33. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DOMINICK DEMASI, respectfully requests judgment be entered against Defendant, CAPITAL ONE BANK (USA) N.A., for the following:

## FIRST CAUSE OF ACTION

34. For statutory damages of $500.00 multiplied by the number of negligent violations of the TCPA alleged herein (42); $21,000.00;

35. Actual damages and compensatory damages according to proof at time of trial;

### SECOND CAUSE OF ACTION

36. For statutory damages of $1,500.00 multiplied by the number of knowing and/or willful violations of TCPA alleged herein (42); $63,000.00;

37. Actual damages and compensatory damages according to proof at time of trial;

### ON ALL CAUSES OF ACTION

38. Actual damages and compensatory damages according to proof at time of trial;

39. Costs and reasonable attorneys' fees;

40. Any other relief that this Honorable Court deems appropriate.

### JURY TRIAL DEMAND

41. Plaintiff demands a jury trial on all issues so triable.

RESPECTFULLY SUBMITTED,

DATED: October 15, 2018

By: */s/ Peter J. Cozmyk*
Peter J. Cozmyk
Cozmyk Law Offices
Attorney for Plaintiff
6100 Oak Tree Blvd.
Independence, OH 44131
(440) 292-7672
Email: pcozmyk@cozmyklaw.com

By: *s/ Alyson J. Dykes*
Alyson J. Dykes
Law Offices of Jeffrey Lohman, P.C
4740 Green River Rd., Ste 206
Corona, CA 92880
T: (866) 329-9217
E: Alysond@jlohman.com
Attorney for Plaintiff
*Pro hac vice* application to follow

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiff's First Amended Complaint was filed using the Court's CM/ECF system on October 15, 2018, which will send notice to all parties.

>	*/s/ Peter J. Cozmyk*
>	Peter J. Cozmyk
>	Attorney for Plaintiff